IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Stanley Joseph Blasco, | ) | C/A No. 6:20-cv-01573-TMC-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina, Zion Group | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

   The plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action seeking damages pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

   The plaintiff's complaint was entered on the docket on April 22, 2020 (doc. 1). By order filed August 4, 2020, the undersigned issued an order informing the plaintiff that his complaint was subject to dismissal as drafted and providing him with fourteen days to file an amended complaint and correct the deficiencies noted in the order (doc. 21).  The plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the order, the undersigned would recommend that his claims be dismissed (*id*. at 6).  The plaintiff has failed to file an amended complaint within the time provided; accordingly, the undersigned recommends that the instant matter be dismissed.

## **ALLEGATIONS**

   The plaintiff asserts that his 1st, 2nd, 4th, 5th, 6th, 8th, 9th, 10th, 13th, and 14th Amendment rights have been violated by the defendants (doc. 1).  The plaintiff alleges that his name was added to the corporate information for Zion Group without his knowledge and

that he has been prevented from removing his information from this corporation's documents by the South Carolina Secretary of State (*id*. at 4).  The plaintiff also asserts that his rights have been violated because his arrest records (which he asserts were expunged) are still showing on reports (*id*. at 5).  The plaintiff also asserts that his criminal record has been falsified because a ticket he received in 2001 has been altered to appear as a felony (*id*.).

The plaintiff also appears to seek re-opening of a case that he filed in 2002, C/A No. 6:02-cv-04168-HFF, which was closed in 2004 (*id*.).  He appears to allege that as a part of that proceeding he did not receive all of the docket updates (*id*.).  He also asserts that requests for copies of court proceedings from various South Carolina state courts have been denied (*id*.).

The plaintiff contends that these errors on his background check and criminal history cause him to endure additional scrutiny when he travels for his employer (*id*.).  For relief, the plaintiff seeks money damages (*id*. at 4).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants.  Nevertheless, the plaintiff's complaint is subject to summary dismissal.

As an initial matter, the plaintiff completed service documents for defendants not named in the complaint, including the McCormick Clerk of Court, SLED CJIS, the Attorney General, and the South Carolina Department of Natural Resources (doc. 17).  However, the plaintiff cannot amend his complaint to add parties by way of proposed service documents.  Thus, the undersigned analyzed the complaint before the court.

**Case Number 6:02-cv-04168-HFF**

As part of the instant matter, the plaintiff seeks to reopen Case Number 6:02-cv-04168-HFF (doc. 1 at 5).  He alleges that the prior case was inappropriately closed and that he did not receive copies of the docket entries (*id.*).  However, the plaintiff cannot utilize the instant action to seek re-opening of a prior action.  Additionally, the case in question, *B&B Dev. LLC. v. Spivey, et al.*, C/A No. 6:02-cv-04168-HFF (D.S.C.), was dismissed by order entered August 4, 2004.  *Id.* at doc. 35.  The plaintiff filed a letter with the court on

September 8, 2004, objecting to the final order, belying his assertion that he was not aware of the proceedings. *Id*. at doc. 37. Additionally, the court notes that the plaintiff was represented by counsel in that matter. *See id*. Nevertheless, even if there could be a § 1983 claim based upon the dismissal of that proceeding, it would be time-barred. While a statute of limitations is not contained within the text of § 1983, the Supreme Court has determined that a state's general statute of limitations for personal injury claims applies, even if the state has different statutes of limitation for intentional torts. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (noting that "we accordingly hold that where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"). South Carolina law allows three years for a plaintiff to bring a personal injury action. S.C. Code § 15-3-530(5). Therefore, the statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations. *See Hamilton v. Middleton*, C/A No. 4:02-cv-01952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003). As such, even if the plaintiff could bring a claim under § 1983 to reopen his prior case, his claims would be barred by the statute of limitations.

**State of South Carolina**

The plaintiff has named the State of South Carolina as a defendant in this action—although it is unclear what his specific allegations are against the State of South Carolina. Nevertheless, the State of South Carolina is entitled to Eleventh Amendment Immunity. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978); *see also* S.C. Code Ann. § 15-78-20(e) (noting that the State of South Carolina has not consented to suit in federal court); *Quern v. Jordan*, 440 U.S. 332, 342–43 (1979) (holding that congress has not abrogated the state's sovereign immunity in § 1983 actions). Accordingly, this defendant is subject to summary dismissal.

4

**Zion Group**

The plaintiff's claims against the Zion Group are also subject to summary dismissal because the Zion Group is not acting under color of state law. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky*, 566 U.S. 377, 383 (2012). However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999). In distinguishing between state action and private action,

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted).

The United States Court of Appeals for the Fourth Circuit has identified several contexts in which private action may be found to constitute state action, such as "when the state has coerced a private actor to commit an act that would be unconstitutional if done by the state"; "when the state has delegated a traditionally and exclusively public function to a private actor"; "when the state has sought to evade a clear constitutional duty through delegation to a private actor"; or "when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank*, 998 F.2d 214, 217 (4th Cir. 1993). The critical inquiry in each case is whether the private actor's conduct was fairly attributable to the state. *Mentavlos v. Anderson*, 249 F.3d 301, 313 (4th Cir. 2001). "[T]he ultimate resolution of whether an actor was a state

5

actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000). Here, even liberally construed, the complaint "includes no facts that establish such a 'close nexus' between [the Zion Group's] challenged actions and the state" such that the Zion Group's actions "may be 'fairly treated' as those of the state itself." *See Perry v. Chattem, Inc.*, C/A No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008). As such, the Zion Group is entitled to summary dismissal.

## RECOMMENDATION

By order issued August 4, 2020, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment (doc. 21). The plaintiff failed to file an amended complaint within the time provided. Accordingly, in addition to the reasons discussed herein, this action should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Therefore, the undersigned recommends that the district court dismiss this action *with prejudice* and without issuance and service of process. *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with

6

prejudice, thereby rendering the dismissal order a final, appealable order") (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)); *see also Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020).  **The attention of the parties is directed to the important notice on the following page**.

   **IT IS SO RECOMMENDED**.

           s/Kevin F. McDonald
           United States Magistrate Judge

September 18, 2020
Greenville, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).