IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Stanley Joseph Blasco, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:20-cv-1573-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina and Zion Group, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Stanley Joseph Blasco, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 8). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On April 27, 2020, the magistrate judge entered an order directing Plaintiff to bring the case into proper form by May 18, 2020, and to notify the Clerk's Office if his address changed. (ECF No. 8). The proper form order was mailed to Plaintiff on April 27, 2020, and has not been returned to the court. (ECF No. 10). Nevertheless, Plaintiff failed to respond to the magistrate judge's order within the time allotted. Accordingly, on June 8, 2020, the magistrate judge issued a second proper form order extending the time for Plaintiff to bring the case into proper form until June 18, 2020. (ECF No. 14). Plaintiff responded to the second proper form order by filing proposed service documents on June 22, 2020 and July 31, 2020. *See* (ECF Nos. 17, 19).

Subsequently, on August 4, 2020, the magistrate judge issued an order noting that Plaintiff's complaint is subject to summary dismissal because each of the defendants is immune from suit under § 1983 and the allegations in the Complaint fail to state a claim for relief. (ECF

1

No. 21 at 3–6). Accordingly, the magistrate judge granted Plaintiff an additional fourteen days to file an amended complaint, curing the deficiencies in his allegations. *Id*. at 6. Additionally, the order warned Plaintiff that if he failed to file an amended complaint and cure the deficiencies identified in the order, his case may be subject to dismissal with prejudice. *Id*. Despite the magistrate judge's warning and the additional time granted, Plaintiff has not filed an amended complaint, nor has he responded to the court's order at all.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss this action with prejudice and without issuance and service of process for the same reasons identified in the August 4, 2020 order. (ECF No. 24). The Report was mailed to Plaintiff at the address he provided the court and has not been returned as undeliverable. (ECF No. 26). Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 24 at 8), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C.

§ 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 24), which is incorporated herein by reference. Therefore, this case is **DISMISSED with prejudice**[1] and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 6, 2020
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The magistrate judge's order, entered on August 4, 2020, informed Plaintiff that his Complaint was subject to summary dismissal because each of the defendants is immune from suit under § 1983 and the allegations fail to state a cognizable cause of action. (ECF No. 21). The order also warned Plaintiff that failure to file an amended complaint curing these deficiencies may result in dismissal without leave later amend the complaint. *Id*. at 6. Nevertheless, Plaintiff failed to respond to the court's order or file an amended complaint.